# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| LAKISHA REED, INDIVIDUALLY AND ON BEHALF OF HER MINOR DAUGHTER A'SHYRI REED | CIVIL ACTION NO. |
| VERSUS | 19-130-SDD-RLB |
| SID J. GAUTREAUX, ET AL. | |

## RULING

This matter is before the Court on the *Motion to Dismiss*[1] by Defendant, Sheriff Sid Gautreaux ("Sheriff Gautreaux"). Plaintiff, Lakisha Reed ("Plaintiff") has filed an *Opposition*[2] to this motion, to which Sheriff Gautreaux filed a *Reply*.[3] For the following reasons, the Court finds that Sheriff Gautreaux's motion should be granted, and Plaintiff will have leave to amend her *Complaint* in accordance with this *Ruling*.

## I. FACTUAL BACKGROUND

Plaintiff alleges that, on November 5, 2017, while standing near Plaintiff's car at the State Fairgrounds, her fourteen year old daughter was illegally seized, handcuffed, drugged, and detained by East Baton Rouge Parish Sheriff's deputies and workers employed by East Baton Rouge Parish Emergency Medical Services, a division of the City of Baton Rouge/Parish of East Baton Rouge ("EMS").[4] Plaintiff maintains her

---

[1] Rec. Doc. No. 7.
[2] Rec. Doc. No. 20.
[3] Rec. Doc. No. 28.
[4] Rec. Doc. 1-2, ¶ 1.

daughter was approached by the deputies without cause or reason, and they had no reason to suspect her daughter of committing any crime.[5] Subsequent to her daughter's alleged seizure, Plaintiff alleges her daughter was transported to OLOL Hospital where OLOL staff cut off her daughter's clothes, stripped her naked, and conducted an allegedly illegal body cavity search for drugs via catheterization of the urethral orifice of her daughter's vagina.[6] Plaintiff claims she was never given a reason for the detention or restraint of her daughter.[7]

Plaintiff originally filed this lawsuit in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana; however, Sheriff Gautreaux removed this matter to federal district court based on the 28 U.S.C. § 1983 federal constitutional claims asserted by Plaintiff in additional to the Louisiana state law claims.[8] Sheriff Gautreaux now moves to dismiss Plaintiff's *Complaint* pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II. LAW AND ANALYSIS

### A. Motion to Dismiss Under Rule 12(b)(6)

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[9] The Court may consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[10] "To

---

[5] *Id.*
[6] *Id.* at pp. 1-11, ¶¶ 1, 3, 4, 18, 36.
[7] *Id.* at ¶ 1.
[8] Rec. Doc. No. 2.
[9] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Martin v. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004)).
[10] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).

survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[11] In *Twombly*, the United States Supreme Court set forth the basic criteria necessary for a complaint to survive a Rule 12(b)(6) motion to dismiss. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[12] A complaint is also insufficient if it merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[13] However, "[a] claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[14] In order to satisfy the plausibility standard, the plaintiff must show "more than a sheer possibility that the defendant has acted unlawfully."[15] "Furthermore, while the court must accept well-pleaded facts as true, it will not 'strain to find inferences favorable to the plaintiff.'"[16] On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[17]

### B. Federal Claims under 42 U.S.C. § 1983

The Civil Rights Act of 1866, 42 U.S.C. § 1983, creates a private right of action for

---

[11] *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 (quoting *Martin v. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d at 467).
[12] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(internal citations and brackets omitted)(hereinafter *Twombly*).
[13] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)(internal citations omitted)(hereinafter "*Iqbal*").
[14] *Twombly*, 550 U.S. at 570.
[15] *Iqbal*, 556 U.S. at 678.
[16] *Taha v. William Marsh Rice University*, 2012 WL 1576099 at *2 (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004).
[17] *Twombly*, 550 U.S. at 556 (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)).

redressing the violation of federal law by those acting under color of state law.[18] It provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured....[19]

"Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights conferred elsewhere.'"[20]

To prevail on a Section 1983 claim, a plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States.[21] A Section 1983 complainant must support his claim with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations.[22]

### C. Federal Claims

From Plaintiff's *Complaint*, it appears she has asserted claims against Sheriff Gautreaux in only his official capacity, which is essentially a claim against the municipality. There are no allegations of any acts personally committed by Sheriff Gautreaux, an Plaintiff alleges: "The Sheriff of East Baton Rouge Parish is liable in his

---

[18] *See Migra v. Warren City School District Board of Educ.*, 465 U.S. 75, 82 (1984); *Middlesex County Sewerage Auth. v. National Sea Clammers Ass'n*, 453 U.S. 1, 19 (1981);
[19] 42 U.S.C. § 1983.
[20] *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3, (1979)); accord *Graham v. Connor*, 490 U.S. 386, 393–94 (1989); *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985); *Jackson v. City of Atlanta, TX*, 73 F.3d 60, 63 (5th Cir.), *cert. denied*, 519 U.S. 818 (1996); *Young v. City of Killeen*, 775 F.2d 1349, 1352 (5th Cir.1985).
[21] *See Blessing v. Freestone,* 520 U.S. 329, 340 (1997); *Daniels v. Williams,* 474 U.S. 327, 330 (1986); *Augustine v. Doe*, 740 F.2d 322, 324–25 (5th Cir.1984).
[22] *See Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995); *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir.), *cert. denied*, 498 U.S. 908 (1990); *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir.1986); *Angel v. City of Fairfield*, 793 F.2d 737, 739 (5th Cir.1986).

official capacity and his deputies individually liable for their actions ... ."[23]  Thus, the Court does not construe Plaintiff's *Complaint* to assert any individual capacity claims against Sheriff Gautreaux.

In her three-page *Opposition* to Sheriff Gautreaux's motion, Plaintiff concedes that "[t]he Sheriff is correct that the plaintiff has not adequately pleaded a Section 1983 claim against him[.]"[24]  Plaintiff further states:  We cannot properly plead the claim, if one exists, without discovery. We ask for leave to conduct discovery and amend the petition to properly state a claim against the responsible parties."[25]

Plaintiff's request is contrary to well-settled Supreme Court and Fifth Circuit jurisprudence. Indeed, the Supreme Court has held that, although Rule 8 no longer requires hyper-technical pleading, "it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."[26]  Thus, "a plaintiff cannot engage in discovery in an attempt to obtain facts that support a currently baseless claim."[27] "Discovery is not intended as a fishing expedition permitting the speculative pleading of a case first and then pursuing discovery to support it; the Plaintiff must have some basis in fact for the action."[28]  "The discovery rules are designed to assist a party to prove a claim it reasonably believes to be viable without discovery, **not to find out if it has any basis for a claim**."[29]

---

[23] Rec. Doc. No. 1-2, p. 10, ¶ 46.
[24] Rec. Doc. No. 20, p. 3.
[25] *Id.*
[26] *Iqbal*, 556 U.S. at 678-79.
[27] *Lee v. Ard*, 2017 WL 5349493 at *6 (M.D. La. Nov. 13, 2017)(internal quotation marks omitted).
[28] *Russell v. Choicepoint Services, Inc.*, 302 F.Supp.2d 654, 671 (E.D. La. 2004)(quoting *Zuk v. Eastern Pa. Psychiatric Inst. of the Med. College*, 103 F.3d 294, 299 (3d Cir.1996)(internal quotation marks omitted)).
[29] *Id.* (quoting *Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1327 (citing *Netto v. Amtrak*, 863 F.2d 1210, 1216 (5th Cir.1989))(internal quotation marks omitted)(emphasis added)).
Document Number: 57544

As set forth above, Plaintiff did not assert individual capacity claims against Sheriff Gautreaux; thus, the Court need not address Sheriff Gautreaux's assertion of qualified immunity. By Plaintiff's own admission, she has failed to plead facts to state any Section 1983 claim, and the Section 1983 claims brought against Sheriff Gautreaux shall be dismissed.

Paragraph 39 of Plaintiff's *Complaint* alleges that all Defendants in this matter engaged in conduct that amounts to a civil conspiracy.[30] However, Plaintiff abandoned any 42 U.S.C. § 1985 civil conspiracy claim against Sheriff Gautreaux by failing to offer any argument in opposition to Sheriff Gautreaux's motion to dismiss this claim. Accordingly, this claim is deemed abandoned.[31] Plaintiff's civil conspiracy claim is also subject to dismissal as a matter of law since Plaintiff failed to plead any elements of a Section 1985 civil conspiracy or argue how those elements are demonstrated by her allegations.

### D. State Law Claims[32]

Sheriff Gautreaux has also moved to dismiss all state law claims asserted by Plaintiff. Plaintiff brings the following state law claims against the deputies, for which she

---

[30] Rec. Doc. 1-2, ¶ 39.
[31] *See U.S. ex rel. Woods v. SouthernCare, Inc.*, 2013 WL 1339375 at *7 (S.D. Miss. Mar. 30, 2013)("The Relators did not adequately brief their opposition to the Defendant's Motion to Dismiss Count Three on state law claims of fraud, suppression, and deceit. As such, they have abandoned Count Three. *See Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n. 1 (5th Cir. 2006) (concluding that plaintiff's failure to defend her "retaliatory abandonment" claim in response to the defendant's motion to dismiss constituted abandonment of the claim); *Dean v. One Life Am., Inc.*, No. 4:11–CV–203–CWR–LRA, 2013 WL 870352, at *2 (S.D.Miss. Mar. 7, 2013) (holding that by failing to address the defendant's argument in her response, the plaintiff abandoned her claim); *Alexander v. Brookhaven Sch. Dist.*, No. 3:07–CV–640–DPJ–JCS, 2009 WL 224902, at *4 (S.D.Miss. Jan. 28, 2009) (stating that the plaintiff "appears to have abandoned [her Equal Pay Act] claim having not defended it" in her response to the defendant's motion to dismiss), *aff'd*, 428 F. App'x 303 (5th Cir. 2011)).
[32] The Court exercises supplemental jurisdiction over Plaintiff's state law claims brought against Sheriff Gautreaux pursuant to 28 U.S.C. § 1367.

ostensibly, but not explicitly, alleges Sheriff Gautreaux is vicariously liable: battery/excessive use of force, false arrest and imprisonment, and criminal sexual activity pursuant to La. C.C. art. 2315.7.

Sheriff Gautreaux moves to dismiss Plaintiff's state law claims, arguing that Plaintiff has failed to allege any acts committed by the Sheriff or any factual allegations to support a vicarious liability claim against the Sheriff. Sheriff Gautreaux also moves to dismiss based on the assertion of the immunity provided to peace officers pursuant to La. R.S. 28:53 (L)(3) when they take a person into protective custody.

Plaintiff's *Opposition* is woefully lacking regarding her state law claims. Although a plaintiff is not required to prove her allegations at the pleadings stage, a plaintiff must provide a reasonable foundation for the facts alleged and must respond to a dispositive motion by pointing the Court to allegations which support the elements of the claims asserted. Plaintiff fails to discuss the elements of any of the state law claims asserted against the Defendants; rather, her argument primarily paraphrases the allegations in her *Complaint*, many of which are legal conclusions and not factual allegations, and the only law referenced in her *Opposition* is an incorrect case name - without an accompanying citation - and a single Louisiana Civil Code Article.

First, in the two pages Plaintiff devotes to her state law claims, she references a "*Lejeune*" case, without a full case name or citation, purportedly relied upon by Sheriff Gautreaux in his memorandum. However, Sheriff Gautreaux cited to *Lebrane v. Lewis*,[33] and, to the extent Plaintiff attempts to reference *Lebrane*, argues merely that "[t]he

---

[33] 292 So. 2d 216 (La. 1974).

Sheriff's argument that the employees were carrying out their duties admits that all of the *Lejeune* factors are satisfied."[34] This statement is simply false as Sheriff Gautreaux clearly denies that the factors in *Lebrane* have been satisfied, and Plaintiff fails to demonstrate how the allegations in her *Complaint* demonstrate the application of vicarious liability.

Second, Plaintiff fails to cite the elements for any of the state law claims she has alleged and fails to direct the Court to factual allegations in her *Complaint* that demonstrate that the elements are supported with respect to Sheriff Gautreaux. While the Court takes Plaintiff's well-pleaded facts as true for purposes of Rule 12(b)(6), the Court is not required accept wholly conclusory statements or legal conclusions couched as factual allegations for which there is no underlying factual basis.[35] Notwithstanding the many legal conclusions asserted in Plaintiff's *Complaint*, there are facts alleged, taken as true for purposes of this motion, that may state claims against some Defendants for some torts. However, Plaintiff must be more specific with respect to Sheriff Gautreaux as to his alleged liability for the particular state law claims asserted against him.

Despite these deficiencies, as there have been no amendments to the *Complaint*

---

[34] Rec. Doc. No. 20, p. 2.
[35] For example, the following, non-exhaustive statements constitute legal conclusions and/or conclusory opinions: "The sheriff deputies and EMS employees all had reason to know that the 14 year old girl had not committed any crimes before she was thrown to the ground and handcuffed and had no reason to believe she posed a physical threat to anyone." Rec. Doc. No. 1-2, ¶ 2. "They [EMS] did this in an attempt to create false justification for their actions." *Id.* at ¶ 3. "It appeared to be a situation where the EMS workers had gone too far to admit their mistakes, so instead of doing the right thing and simply letting the child go home with her family, they insisted upon taking her to the hospital against her will and against the wishes of her mother." *Id.* at ¶ 15. "A sheriff deputy remained present without cause and contrary to any proper hospital protocols, even thogh [sic] he had been relieved of all responsibility for the child." *Id.* at ¶ 16. "There is no way that anyone participating in this battery upon the 14 year old girl could have believed that any part of what they did was for the medical benefit to the child. Their actions were a sexual battery upon a minor, a 14 year old girl, an intentional tort, and were grossly negligent." *Id.* at ¶ 21. "It is impossible to imagine what the people were thinking when they spread the child's legs and removed the girls undergarments, but they could not believe that their actions would help the girl in any way." *Id.* at ¶22.

in this matter, the Court will allow Plaintiff to amend her *Complaint*. The Federal Rules of Civil Procedure provide that "leave to amend shall be freely given when justice so requires."[36] Moreover, "courts should ordinarily grant a plaintiff **at least one** opportunity to amend before dismissing a complaint with prejudice for failure to state a claim.[37] However, where the Court finds that amendment is futile or Plaintiff abandoned her claims, amendment will not be permitted.

As set forth above, Plaintiff acknowledges that she has failed to state a Section 1983 claim against Sheriff Gautreaux and seeks discovery to discern facts to carry her pleading obligation, which the law does not permit. Thus, the Court finds that Plaintiff's Section 1983 claims against Sheriff Gautreaux should be dismissed with prejudice as amendment would be futile. As to the civil conspiracy claims brought under Section 1985, Plaintiff failed to address these claims in her *Opposition*, and they are, therefore, deemed abandoned. Thus, all federal claims asserted against Sheriff Gautreaux are dismissed WITH PREJUDICE.

The Court will dismiss the state law claims against Sheriff Gautreaux WITHOUT prejudice and allow Plaintiff twenty-one (21) days from the date of this *Ruling* to file an *Amended Complaint* curing the deficiencies in her state law claims asserted against Sheriff Gautreax. The Court notes, however, that Plaintiff is incorrect in arguing that she need not address an immunity defense at this stage of litigation. Once raised, it is Plaintiff's obligation under the law to respond to this affirmative defense and demonstrate

---

[36] Fed. R. Civ. P. 15(a)(2).
[37] *Matthews v. Stolier*, No. 13-6638, 2014 WL 5214738 at *12 (E.D. La. Oct. 14, 2014)(citing *Hart v. Bayer Corp.,* 199 F.3d 239, 247 n.6 (5th Cir. 2000))(emphasis added).
Document Number: 57544

how her allegations overcome the defense.[38]  Plaintiff has not done so in the *Opposition* to the present motion; thus, any amendment should also address this defense.

## III.    CONCLUSION

Accordingly, Sheriff Gautreaux's *Motion to Dismiss*[39] is GRANTED.  The federal claims brought against Sheriff Gautreaux in his official capacity are dismissed WITH PREJUDICE; the state law claims brought against Sheriff Gautreaux are dismissed WITHOUT PREJUDICE.  Plaintiff shall have twenty-one (21) days from the date of this *Ruling* to amend her *Complaint* to cure the deficiencies noted herein.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this 15th day of November, 2019.

_____
**SHELLY D. DICK
CHIEF DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA**

---

[38] *See Mocsary v. Ard*, 2018 WL 4608485 at *8 (M.D. La. Sep. 25, 2018)(" As to qualified immunity, the Fifth Circuit has also held that it is appropriate to decide the issue on a motion to dismiss, and it is not necessary to wait to submit the issue to a jury.")(citing *Waganfeald v. Gusman*, 674 F.3d 475, 483-84 (5th Cir. 2012)(stating that qualified immunity should be adjudicated at the earliest possible stage)); *see also*, *Schultea v. Wood*, 47 F.3d 1427 (5th Cir.1995) (en banc)).
[39] Rec. Doc. No. 7.