**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

LAKISHA REED, INDIVIDUALLY AND
ON BEHALF OF HER MINOR DAUGHTER    CIVIL ACTION NO.
A'SHYRI REED

VERSUS    19-130-SDD-RLB

SID J. GAUTREAUX, ET AL.

## RULING AND ORDER

This matter is before the Court on the *Motion to Dismiss*[1] filed by Defendant, Our Lady of the Lake Hospital, Inc., d/b/a Our Lady of the Lake Regional Medical Center ("OLOL"). Plaintiff Lakisha Reed ("Plaintiff") filed an untimely *Opposition*[2] to this motion, without leave of Court, to which OLOL filed a *Reply*.[3] Plaintiff sought permission to file other untimely *Oppositions* to motions filed by other Defendants in this matter;[4] yet, she failed to move for a deadline extension or request leave to file the untimely *Opposition* filed in response to OLOL's motion. Further, this deficiency was noted by OLOL in its *Reply*, but Plaintiff has filed nothing in response.

In reviewing Plaintiff's previous *Motions for Leave to File Memorandum Out of Time*, Plaintiff represented to the Court as follows:

> Plaintiff, Lakisha Reed moves for leave to file her memorandum in opposition to the EMS 12(b)(6) motion out of time and late. The EMS motion (doc 9) was filed on March 21, 2019. Counsel for plaintiff erroneously

---

[1] Rec. Doc. No. 10.
[2] Rec. Doc. No. 21.
[3] Rec. Doc. No. 29.
[4] *See* Rec. Doc. Nos. 13 & 14; granted by the Court at Rec. Doc. Nos. 15 & 16.
Document Number: 58001

> calendered [sic] the opposition based upon the OLOL motion filed on March 27.[5]

Because counsel for EMS did not oppose this request, the Court allowed the untimely filing. On the same date, Plaintiff also made the following request regarding Sheriff Gautreaux's motion:

> Plaintiff, Lakisha Reed moves for leave to file her memorandum in opposition to the Sid Gautreaux 12(b)(6) motion out of time and late. The Sheriff's motion (doc 7) was filed on March 21, 2019. Counsel for plaintiff erroneously calendered the opposition based upon the OLOL motion filed on March 6, 2019.[6]

In this request, Plaintiff indicated that counsel for Sheriff Gautreaux had not responded to a request for consent; nevertheless, the Court allowed the untimely filing.

In both motions, counsel for Plaintiff claimed that he "erroneously calendered [sic] the opposition based upon the OLOL motion," yet provides inconsistent filing dates for the OLOL motion. Indeed, OLOL filed its motion on March 27, 2019. Accepting Plaintiff's argument as true, which the Court previously did, the opposition deadline under Local Rule 7f was April 17, 2019. Plaintiff's motions for leave were STILL untimely, made on April 22, 2019, even if counsel for Plaintiff erroneously believed the deadline was based on the OLOL motion. Moreover, although the Court granted Plaintiff's requests on April 29, 2019, counsel for Plaintiff apparently interpreted this leave as permission to start the opposition deadline period over again. Rather than file the already late and untimely *Oppositions*[7] on the date leave was granted as required by Local Rule 7(e), counsel for

---

[5] Rec. Doc. No. 13.
[6] Rec. Doc. No. 14.
[7] Oppositions were originally due on March 27, 2019 (for Sheriff Gautreaux's motion) and March April 11, 2019 (for EMS's motion).
Document Number: 58001

Plaintiff did not file any *Opposition* memoranda until May 21, 2019, twenty-two (22) days AFTER the Court granted leave on April 29, 2019.[8]

At no time did Plaintiff seek leave to file an untimely *Opposition* to OLOL's motion, and Plaintiff's extension requests acknowledge that, at the very least, the *Opposition* to OLOL's motion was due on April 17, 2019. Counsel's acknowledgment of this deadline in the extension requests demonstrates that he was aware of the deadline to oppose OLOL's motion. Considering this record, it is unfathomable to the Court how counsel could potentially, for a third time, and in direct contradiction to previous representations to this Court, argue yet another calendaring error.

In *Homelife in the Gardens, LLC v. Landry*,[9] the district court for the Eastern District of Louisiana addressed a similar pattern of untimely responses by the defendant, Leigh Landry ("Landry"). Although Landry shifted excuses for her untimeliness, Landry argued calendaring mistakes as a primary excuse. The court rejected this error based on the lack of candor in Landry's arguments and the law and jurisprudence on "excusable neglect." The court explained:

> "Federal Rule of Civil Procedure 6(b)(1) grants a district court discretion to allow untimely responses where the party failed to act because of excusable neglect." *Rasco v. Potter*, 265 Fed.Appx. 279, 283 (5th Cir. 2008) (internal quotation marks omitted); *see Vasudevan v. Adm'rs of Tulane Educ. Fund*, No. 17-30160, 2017 WL 3616380, at *3 (5th Cir. Aug. 22, 2017) (applying the "excusable neglect" standard to a district court's ruling on a motion to strike an untimely opposition). A number of factors are relevant to a court's excusable neglect inquiry, including "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 161 n.8 (5th

---

[8] Shockingly, despite having approximately two months to oppose Sheriff Gautreaux's and EMS's motions, Plaintiff submitted a three-page and six-page memoranda, respectively.
[9] No. 16-15549, 2018 WL 310377 (E.D. La. Jan. 5, 2018).

Document Number: 58001

Cir. 2006) (alteration in original). Landry carries the burden of demonstrating excusable neglect. *See Traffic Scan Network, Inc. v. Winston*, No. 92-2243, 1995 WL 83932, at *1 (E.D. La. Feb. 24, 1995) (Vance, J.) ("The burden of establishing excusable neglect is on the party seeking the enlargement of time.").[10]

The court then noted Landry's shifting excuses but focused on the alleged error in calendaring:

> Yet then Landry shifts gears and points to an entirely different reason for her failure to file a timely opposition: "Regrettably, also, counsel for Leigh Landry mistakenly calendared the due date for filing an opposition to plaintiff[']s motion for summary judgment with a motion to quash that Landry counsel was forced to file." However, Landry filed her motion to quash on December 20, 2017. As the Court previously explained, she did not attempt to file an opposition to plaintiffs' motion until December 27, 2017. This explanation still does not explain why Landry did not attempt to file an opposition until that time.[11]

The court then explained that the Fifth Circuit has routinely held that calendaring errors do not constitute excusable neglect:

> Regardless, courts in the Fifth Circuit have routinely concluded that calendaring errors do not constitute "excusable neglect" under Federal Rule of Civil Procedure 60(b)(1). *See, e.g., Buckmire v. Mem'l Hermann Healthcare Sys. Inc.*, 456 Fed.Appx. 431, 432 (5th Cir. 2012) (affirming the district court's denial of a Rule 60(b)(1) motion where the lawyer "forgot to 'calendar' the deadline for a response"); *cf. Brittingham v. Wells Fargo Bank, N.A.*, 543 Fed.Appx. 372, 374 (5th Cir. 2013) ("We have previously held that a district court does not abuse its discretion when it denies a Rule 60(b)(1) motion where the proffered justification for relief is the careless mistake of counsel."). The same "excusable neglect" standard applies under both 60(b)(1) and Rule 6(b)(1). *Compare Silvercreek Mgmt., Inc. v. Banc of Am. Sec., LLC*, 534 F.3d 469, 472 (5th Cir. 2008) (Rule 60(b)(1)), with *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d at 161 n.8 (Rule 6(b)(1)).[12]

---

[10] *Id.* at *1.
[11] *Id.* at *2.
[12] *Id.*

Document Number: 58001

As stated above, counsel for Plaintiff failed to seek leave to file the untimely *Opposition* to OLOL's motion; thus, the Court has no reasons before it to evaluate the excusable neglect factors. However, based on the record, the Court surmises that counsel would offer the same calendaring error, notwithstanding his acknowledgement of the date of OLOL's filing.

Therefore, Plaintiff's untimely *Opposition*[13] is stricken under Local Rule 7(f) of the Middle District of Louisiana, which requires that memoranda in opposition to a motion be filed within twenty-one (21) days after service of the motion. Therefore, OLOL's motion is deemed to be unopposed, and further, after reviewing the record, the Court finds that the motion has merit as a matter of law. The *Motion to Dismiss*[14] filed by OLOL is GRANTED. Plaintiff's claims against OLOL are dismissed with prejudice.

Any motion for relief from this *Ruling* must be filed on or before Monday, November 25, 2019. No extensions of time shall be granted. Any reasons offered as "excusable neglect" must be supported by documentation/evidence. Calendaring errors will not be accepted. Should Plaintiff file such a motion, OLOL is not required to file a response but shall have leave to file a response no later than Monday, December 9, 2019.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this 21st day of November, 2019.

_____
**SHELLY D. DICK**
**CHIEF DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**

---

[13] Rec. Doc. No. 21.
[14] Rec. Doc. No. 10.
Document Number: 58001