**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

LAKISHA REED, INDIVIDUALLY AND
ON BEHALF OF HER MINOR DAUGHTER      CIVIL ACTION NO.
A'SHYRI REED

VERSUS                                19-130-SDD-RLB

SID J. GAUTREAUX, ET AL.

## RULING

This matter is before the Court on the *Motion to Dismiss*[1] filed by Defendant, East Baton Rouge Parish Emergency Medical Services, a division of the City of Baton Rouge/Parish of East Baton Rouge ("EMS").[2] Plaintiff Lakisha Reed ("Plaintiff") filed an *Opposition*[3] to this motion, to which EMS filed a *Reply*.[4] For the following reasons, the Court finds that EMS's motion should be granted, and Plaintiff's state law claims against EMS shall be remanded to state court.

**I.    FACTUAL BACKGROUND**

Plaintiff alleges that, on November 5, 2017, while standing near Plaintiff's car at the State Fairgrounds, her fourteen year old daughter was illegally seized, handcuffed, drugged, and detained by East Baton Rouge Parish Sheriff's deputies and workers employed by EMS.[5] Plaintiff maintains her daughter was approached by the deputies

---

[1] Rec. Doc. No. 9.
[2] The Court notes that any reference to EMS or EMS employees is intended to address all EMS parties.
[3] Rec. Doc. No. 19.
[4] Rec. Doc. No. 30.
[5] Rec. Doc. 1-2, ¶ 1.

Document Number: 57994

without cause or reason, and they had no reason to suspect her daughter of committing any crime.[6] Subsequent to her daughter's alleged seizure, Plaintiff alleges her daughter was transported to Our Lady of the Lake Hospital, Inc., d/b/a Our Lady of the Lake Regional Medical Center ("OLOL"), where OLOL staff cut off her daughter's clothes, stripped her naked, and conducted an allegedly illegal body cavity search for drugs via catheterization of the urethral orifice of her daughter's vagina.[7] Plaintiff claims she was never given a reason for the detention or restraint of her daughter.[8]

Plaintiff originally filed this lawsuit in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana; however, this matter was removed to federal district court based on the 28 U.S.C. § 1983 federal constitutional claims asserted by Plaintiff in additional to her Louisiana state law claims.[9] EMS now moves to dismiss Plaintiff's *Complaint* pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II. LAW AND ANALYSIS

### A. Motion to Dismiss Under Rule 12(b)(6)

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[10] The Court may consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[11] "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state

---

[6] *Id.*
[7] *Id.* at pp. 1-11, ¶¶ 1, 3, 4, 18, 36.
[8] *Id.* at ¶ 1.
[9] Rec. Doc. No. 2.
[10] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Martin v. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004)).
[11] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).

a claim to relief that is plausible on its face.'"[12]  In *Twombly*, the United States Supreme Court set forth the basic criteria necessary for a complaint to survive a Rule 12(b)(6) motion to dismiss.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[13]  A complaint is also insufficient if it merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[14]  However, "[a] claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[15]  In order to satisfy the plausibility standard, the plaintiff must show "more than a sheer possibility that the defendant has acted unlawfully."[16]  "Furthermore, while the court must accept well-pleaded facts as true, it will not 'strain to find inferences favorable to the plaintiff.'"[17]  On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[18]

### B. Federal Claims under 42 U.S.C. § 1983

The Civil Rights Act of 1866, 42 U.S.C. § 1983, creates a private right of action for

---

[12] *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 (quoting *Martin v. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d at 467).
[13] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(internal citations and brackets omitted)(hereinafter *Twombly*).
[14] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)(internal citations omitted)(hereinafter "*Iqbal*").
[15] *Twombly*, 550 U.S. at 570.
[16] *Iqbal*, 556 U.S. at 678.
[17] *Taha v. William Marsh Rice University*, 2012 WL 1576099 at *2 (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004).
[18] *Twombly*, 550 U.S. at 556 (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)).

redressing the violation of federal law by those acting under color of state law.[19] It provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured....[20]

"Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights conferred elsewhere.'"[21]

To prevail on a Section 1983 claim, a plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States.[22] A Section 1983 complainant must support his claim with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations.[23]

Plaintiff has sued the EMS workers under Section 1983, but it is unclear in the *Complaint* if they have been sued in their official or individual capacities. Nevertheless, in her six-page *Opposition* to EMS's motion, Plaintiff concedes that she has failed to adequately state a claim against the EMS/EMS employees under Section 1983 but insists

---

[19] *See Migra v. Warren City School District Board of Educ.*, 465 U.S. 75, 82 (1984); *Middlesex County Sewerage Auth. v. National Sea Clammers Ass'n*, 453 U.S. 1, 19 (1981);
[20] 42 U.S.C. § 1983.
[21] *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3, (1979)); accord *Graham v. Connor*, 490 U.S. 386, 393–94 (1989); *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985); *Jackson v. City of Atlanta, TX*, 73 F.3d 60, 63 (5th Cir.), *cert. denied*, 519 U.S. 818 (1996); *Young v. City of Killeen*, 775 F.2d 1349, 1352 (5th Cir.1985).
[22] *See Blessing v. Freestone,* 520 U.S. 329, 340 (1997); *Daniels v. Williams,* 474 U.S. 327, 330 (1986); *Augustine v. Doe*, 740 F.2d 322, 324–25 (5th Cir.1984).
[23] *See Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995); *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir.), *cert. denied*, 498 U.S. 908 (1990); *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir.1986); *Angel v. City of Fairfield*, 793 F.2d 737, 739 (5th Cir.1986).

that she needs discovery to state such a claim.[24]

Plaintiff's request is contrary to well-settled Supreme Court and Fifth Circuit jurisprudence. Indeed, the Supreme Court has held that, although Rule 8 no longer requires hyper-technical pleading, "it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."[25]  Thus, "a plaintiff cannot engage in discovery in an attempt to obtain facts that support a currently baseless claim."[26] "Discovery is not intended as a fishing expedition permitting the speculative pleading of a case first and then pursuing discovery to support it; the Plaintiff must have some basis in fact for the action."[27]  "The discovery rules are designed to assist a party to prove a claim it reasonably believes to be viable without discovery, **not to find out if it has any basis for a claim**."[28]  By Plaintiff's own admission, she has failed to plead facts to state any Section 1983 claim, and the Section 1983 claims brought against EMS/EMS employees shall be dismissed with prejudice.

Ordinarily, the Court would allow Plaintiff to amend her *Complaint* since the Federal Rules of Civil Procedure provide that "leave to amend shall be freely given when justice so requires."[29]  Moreover, "courts should ordinarily grant a plaintiff **at least one** opportunity to amend before dismissing a complaint with prejudice for failure to state a

---

[24] Rec. Doc. No. 19, p. 2.
[25] *Iqbal*, 556 U.S. at 678-79.
[26] *Lee v. Ard*, 2017 WL 5349493 at *6 (M.D. La. Nov. 13, 2017)(internal quotation marks omitted).
[27] *Russell v. Choicepoint Services, Inc.*, 302 F.Supp.2d 654, 671 (E.D. La. 2004)(quoting *Zuk v. Eastern Pa. Psychiatric Inst. of the Med. College*, 103 F.3d 294, 299 (3d Cir.1996)(internal quotation marks omitted)).
[28] *Id.* (quoting *Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1327 (citing *Netto v. Amtrak*, 863 F.2d 1210, 1216 (5th Cir.1989))(internal quotation marks omitted)(emphasis added)).
[29] Fed. R. Civ. P. 15(a)(2).

claim.[30] However, where the Court finds that amendment is futile, amendment is not warranted. As set forth above, Plaintiff acknowledges that she has failed to state a Section 1983 claim against EMS and seeks discovery to discern the facts necessary to carry her pleading obligation, which the law does not permit. Implicitly, Plaintiff concedes she lacks facts to plead a Section 1983 claim; hence, the Court finds that amendment would be futile, and Plaintiff's Section 1983 claims against EMS/EMS employees should be dismissed with prejudice.

Plaintiff also ostensibly asserted a Section 1985 civil conspiracy claim against all Defendants. Although EMS did not move to dismiss this claim, the Court *sua sponte* dismisses this claim for failure to state a claim under Rule 12(b)(6). "Section 1985 prohibits a conspiracy to interfere with civil rights."[31] In order to state a 42 U.S.C. § 1985 claim, a plaintiff must allege the following: "(1) a conspiracy by the defendants, (2) with a purpose of depriving the plaintiff of equal protection of the laws or equal privileges and immunities under the law, (3) a purposeful intent to discriminate, (4) action by the defendants under color of state law or authority, and (5) injury to the person or property of the plaintiff or his deprivation of a right or privilege as a citizen of the United States resulting from actions in furtherance of the conspiracy."[32] Additionally, the plaintiff must assert "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action."[33] The allegations in Plaintiff's *Complaint* fall well short

---

[30] *Matthews v. Stolier*, No. 13-6638, 2014 WL 5214738 at *12 (E.D. La. Oct. 14, 2014)(citing *Hart v. Bayer Corp.,* 199 F.3d 239, 247 n.6 (5th Cir. 2000))(emphasis added).
[31] *Bishop v. J.O. Wyatt Pharm.*, 2015 WL 4997890, at *7 (N.D. Tex. Aug. 21, 2015).
[32] *Id*. (citing *Granville v. Hunt,* 411 F.2d 9, 11 (5th Cir. 1969)).
[33] *Suttles v. U.S. Postal Service*, 927 F.Supp. 990, 1001 (S.D. Tex. 1996)(quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)).

of meeting this standard. In fact, Plaintiff fails to allege facts to support nearly all of these elements. Thus, any Section 1985 conspiracy claim against EMS is dismissed with prejudice.

Having dismissed all federal claims asserted against the EMS/EMS employees, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367; Plaintiff's state law claims against the EMS/EMS employees shall be remanded to state court.

### III. CONCLUSION

Accordingly, the *Motion to Dismiss*[34] filed by EMS is GRANTED. The federal claims brought against EMS and its employees are dismissed WITH PREJUDICE; the state law claims are REMANDED to the 19th Judicial District Court, in and for the Parish of East Baton Rouge, State of Louisiana.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this 21st day of November, 2019.

_____
**SHELLY D. DICK
CHIEF DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA**

---

[34] Rec. Doc. No. 9.
Document Number: 57994